■ In the Matter of the Claim of DOROTHY L. PISTONE, Respondent, v SAM'S CLUB, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [743 NYS2d 907] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 9, 2001, which ruled that claimant sustained a causally related injury and awarded workers' compensation benefits.

On October 28, 1999, in the course of performing her duties as a sales representative for the employer, claimant injured her back while lifting heavy materials. Claimant sought medical treatment, but resumed working on November 1, 1999. Thereafter, claimant underwent continuing medical treatment for her back injury as well as other conditions and, during this time, intermittently missed work. She completely stopped working on August 3, 2000. On August 30, 2000, she filed a claim for workers' compensation benefits with respect to her back injury. At a July 24, 2001 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded, inter alia, that claimant had sustained a causally related temporary total disability with respect to her back injury and made an award of benefits. The WCLJ further denied a request by the employer's workers' compensation carrier to cross-examine claimant's attending physician. The Workers' Compensation Board affirmed the WCLJ's decision and the employer appeals.

The WCLJ should have afforded the carrier an opportunity to cross-examine claimant's attending physician. Pursuant to 12 NYCRR 300.10 (c), "[w]hen the employer or its carrier * * * desires to produce for cross-examination an attending physician whose report is on file, the referee shall grant an adjournment for such purpose." Notwithstanding the Board's suggestion to the contrary, the carrier made such a timely request at the July 24, 2001 hearing (compare, *Matter of Cook-Schoonover v Corning Hosp.*, 291 AD2d 715, 716, lv dismissed 98 NY2d 671; *Matter of McDonald v Danforth*, 286 AD2d 845, 846). Significantly, while the Board based its decision on reports of

claimant's attending physician, such reports contain omissions and/or inconsistencies concerning the extent of claimant's disability and some include diagnoses completely unrelated to claimant's back injury. Furthermore, some of the medical information provided was not prepared by claimant's attending physician, but by a physician apparently associated with his practice. Since no formal testimony was taken at the July 24, 2001 hearing, denial of the request to cross-examine claimant's attending physician to explore such issues clearly prejudiced the employer (*see, Matter of Colluccio v Hermark Knitwear Corp.*, 21 AD2d 704, 706).

Lastly, although the Board concluded that the employer's due process rights were not implicated because there was no disagreement among the medical experts (*see, Matter of Torres v TAD Tech. Servs. Corp.*, 193 AD2d 975, 975-976), the record contains a report of an orthopedic surgeon who, after conducting an independent medical examination of claimant on September 6, 2001, opined, contrary to claimant's attending physician, that the disability resulting from claimant's back injury was "partial and moderate." Accordingly, the Board's decision must be reversed (*Matter of Hutchins v Callanan Indus.*, 293 AD2d 902, 903; *Matter of Pugliese v Remington Arms*, 293 AD2d 897, 898).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.