■ In the Matter of the Claim of GEORGETTA DUNN, Respondent, v LANDMARK FLOORING CONCEPTS, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [749 NYS2d 321] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed June 21, 2001, which, inter alia, found that the death of claimant's decedent arose out of and in the course of his employment.

Decedent, a floor covering mechanic, died of a heart attack on August 28, 1997 while working on a renovation project at Dover Elementary School in Dutchess County. The death benefit claim by claimant, decedent's widow, was controverted by Landmark Flooring Concepts, Inc. on the issues of the employer-employee relationship between it and decedent, and the causal relationship between decedent's work and his death. At the ensuing hearing, claimant, her doctor, and Landmark's doctor testified. At the end of the December 16, 1999 hearing, a representative of Landmark stated that it was "reserving [its] rights on the issue of potential employer/employee relationship with the [Dover Plains] [S]chool [D]istrict." The Workers' Compensation Law Judge (hereinafter WCLJ) reserved decision and directed both sides to produce memoranda.

In the memorandum submitted by Landmark's counsel on May 16, 2000, the issue of a general/special employment arrangement between Landmark and either or both the school district and the management corporation controlling the renovation project was raised. By decision dated December 9, 2000, the WCLJ decided that decedent was an employee of Landmark and that his death was causally related to his employment. With respect to the issue of general/special employment, the WCLJ ruled the request was untimely and that there was no basis in the record to support such an allegation. This decision was in all respects affirmed by the Workers' Compensation Board, specifically finding with respect to the issue of possible general/special employment relationship, that "there is no evidence in the record" regarding such a possible relationship. The only issue raised by Landmark on this appeal is its claim

that the Board erred by denying it the opportunity to develop the record with respect to the issue of special employment.

Initially, we note that "[t]he issue of whether an individual may be properly characterized as a special employee is generally a factual one for the Board to resolve" (*Matter of Oppedisano v Randall Elec.*, 285 AD2d 759, 760), and "its determination will be sustained if supported by substantial evidence" (*Matter of Hughes v Steuben County Self-Ins. Plan*, 248 AD2d 757, 758). While many factors must be considered in determining whether a special employment relationship exists, "a key consideration is 'who controls and directs the manner, details and ultimate result of the employee's work'" (*Matter of Quick v Steuben County Self-Ins. Plan*, 242 AD2d 833, 834, *lv denied* 91 NY2d 866, quoting *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 788, *lv dismissed* 88 NY2d 874). However, this factor alone is not determinative (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558).

In our view, the WCLJ should not have rejected, as untimely, Landmark's request to develop the record. Not only was it raised before the WCLJ when the record could have been developed, but it was further raised in the memorandum requested by the WCLJ. Unlike the claimants in *Matter of Hughes v Steuben County Self-Ins. Plan* (*supra*) and *Matter of La Fave v St. Lawrence County* (283 AD2d 790), the party seeking to raise the issue did not wait until application for Board review. Consequently, the issue here was raised in a timely fashion.

Moreover, our review of the record causes us to disagree with both the WCLJ's conclusion that there is no basis in the record to support the allegation of a special employee relationship and the Board's finding that no evidence regarding a possible general/special employment relationship exists in the record. In this regard, we note that claimant testified that decedent took direction and supervision from the management corporation in that he was told what time to be on the job and where to work once he arrived. Moreover, it was the management corporation employee who conveyed to decedent the deadlines that had to be met and the need to complete work in certain areas. A school district employee from time to time determined whether decedent would work at the high school or the elementary school. Moreover, claimant testified that Landmark did not supervise decedent at the job site. This evidence establishes possible merit to the claim of a special employment relationship and demonstrates that it was error for the WCLJ to conclude that there was no basis in the record

and for the Board to determine that no evidence existed with respect to this issue. Because Landmark was not permitted to develop the record, we cannot find that there is substantial evidence in this record to decide the issue as a matter of law (*see Thompson v Grumman Aerospace Corp., supra* at 558).

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further development of the record on the issue of special employment with the Dover Plains School District and/or its management corporation.