In the Matter of the Claim of MAHLON BURROUGHS, Respondent, v EMPIRE STATE AGRICULTURAL COMPENSATION TRUST et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 692]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed August 5, 2002, which ruled that claimant was a covered employee under the Workers' Compensation Law.

Claimant, a dairy farmer, sustained certain work-related injuries in November 2001 when he fell from a ladder while working on a farm. A claim for workers' compensation benefits was thereafter filed on claimant's behalf, which the workers' compensation carrier duly controverted. At the conclusion of the brief hearing that followed in May 2002, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the employer was a limited liability corporation and that claimant was an executive officer of the corporation who had not opted out of workers' compensation coverage. Hence, the WCLJ concluded that claimant was a covered employee for purposes of the Workers' Compensation Law and established the case for accident, notice and causal relationship for injuries to claimant's left foot and lower leg. Prior to the close of the hearing, the carrier took appropriate exceptions to the WCLJ's findings and requested testimony from claimant regarding the nature of the underlying corporation and claimant's relationship to it, which request was denied. The Workers' Compensation Board upheld the WCLJ's findings in this regard, and this appeal by the carrier and its third-party administrator ensued.

Workers' Compensation Law § 54 (6) (a) provides, in relevant part, as follows: "Every executive officer of a corporation shall be deemed to be included in the compensation insurance contract or covered under a certificate of self-insurance unless that person is an unsalaried executive officer of a not-for-profit corporation or unincorporated association and such corporation or association elects to exclude that person from the coverage of this chapter. Such election to exclude such person shall be made in writing on a form prescribed by the chair and filed with the

insurance carrier . . . Any executive officer whose corporation or association files an election not to be included under this chapter shall be deemed not to be an employee within the intent of this chapter." While corporate officers presumptively are covered employees (*see id.*), self-employed individuals or the partners of a partnership are not covered employees unless they specifically elect to be included in the compensation policy (*see* Workers' Compensation Law § 54 [8]). Thus, as applied to the matter before us, the type of entity which characterizes the employer and claimant's relationship to such employer is determinative of whether claimant indeed is a covered employee entitled to receive workers' compensation benefits.

Simply stated, the scant record before us is insufficient to establish the employer's true status and/or claimant's relationship to that employer. Not only does the record as a whole contain conflicting documentary evidence regarding whether claimant was the officer of a limited liability corporation or a self-employed dairy farmer, it also is unclear which of the competing documents now offered were before the WCLJ at the time the initial decision was made. Under these circumstances, we are of the view that it was an abuse of discretion to deny the carrier's timely request for further development of the record regarding the identity and nature of claimant's alleged employer (*see Matter of Dunn v Landmark Flooring Concepts*, 298 AD2d 809 [2002]; *Matter of Gallagher v Houlihan Lawrence Real Estate*, 259 AD2d 853 [1999]). As the record at present fails to support the finding that claimant is a covered employee entitled to receive workers' compensation benefits, this matter is remitted to the Board for further development of the record.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.