■ In the Matter of the Claim of SUSAN EMANATIAN, Respondent, v SARATOGA SPRINGS CENTRAL SCHOOL DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [778 NYS2d 218]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed November 27, 2002, which ruled that claimant sustained a causally related injury and awarded workers' compensation benefits.

On March 7, 2001, claimant, a school food service worker, allegedly felt her right leg give out while walking down a ramp leading out of a freezer at her place of employment.* Claimant sustained injuries, prompting her to seek medical attention the next day at Irongate Family Practice Associates. She described the incident to physician's assistant Patricia Rae and further indicated that she had shoveled snow approximately two days before the incident. Rae listed her impression as: "Most probably muscle spasms secondary to strenuous snow removal." Claimant, who applied for workers' compensation benefits, followed up with her treating physician and saw other doctors, including orthopedist Mark Kircher. She also submitted to an independent medical examination conducted by William Bronk, a physician retained by the workers' compensation carrier for claimant's employer. Both Kircher and Bronk opined that claimant sustained a disability causally related to the incident at work on March 7, 2001. At a subsequent appearance before a Workers' Compensation Law Judge (hereinafter WCLJ), the record indicates that there was an off-the-record discussion prior to the formal commencement of the proceeding wherein claimant apparently explained her view of the circumstances surrounding the incident. Thereafter, the proceeding went forward, however, no sworn testimony or cross-examination was conducted. Based upon the medical reports and claimant's unsworn description of the accident, the WCLJ established the

* It was ultimately found by the Workers' Compensation Board that claimant fell on her right knee, although this information is absent from claimant's initial injury report and early medical reports. Those earlier reports also do not mention a fact listed in later medical reports that claimant was carrying a box of food at the time of the incident.

claim for accident, notice and causal relationship and awarded claimant benefits. At that same appearance, counsel for the employer and carrier (hereinafter collectively referred to as the carrier) took exception to the ruling and, citing the information in Rae's initial report, requested full development of the record, beginning with the testimony of claimant. The WCLJ denied that request and the Workers' Compensation Board affirmed, prompting this appeal by the carrier.

The carrier contends that it was error for the WCLJ to establish claimant's case without allowing it to develop the record with, inter alia, claimant's testimony so as to determine whether her injury was idiopathic or consequential to a previous nonwork-related accident. While the final result may ultimately be the same, we agree with the carrier and, therefore, reverse the determination. The law sets forth that "[e]ither the claimant or the employer or his insurance carrier may introduce witnesses . . . in compensation proceedings" (110 NY Jur 2d, Workers' Compensation § 632, at 514; *see Matter of Burroughs v Empire State Agric. Compensation Trust*, 2 AD3d 1120 [2003]; 110 NY Jur 2d, Workers' Compensation § 638; *cf. Matter of Seeger v Moduform, Inc.*, 146 AD2d 922 [1989]). Under the particular circumstances herein, the carrier was entitled to be heard and, given its preservation of the issue, the matter is remitted to permit the carrier the opportunity to develop its position on the record (*see Matter of Sullivan v Smith's Coll. of Arts & Sciences*, 265 AD2d 767, 767-768 [1999]; *Matter of Angelo v New York State Assn. of Learning Disabled*, 221 AD2d 832, 833 [1995]).

The carrier also challenges the denial of its timely request to cross-examine claimant's treating physicians. While normally no prejudice accrues as a result of the denial of the right to cross-examine a medical expert where all experts are in agreement about the opinion on which the Board relied (*see Matter of Bryan v Borg-Warner Automotive*, 293 AD2d 856, 857 [2002]; *Matter of Torres v TAD Tech. Servs. Corp.*, 193 AD2d 975 [1993]), here, the carrier asserts that the experts based their opinions on an injury history that might be called into question by claimant's testimony. Since that testimony has not been taken, we conclude that the propriety of expert testimony should be considered anew by the WCLJ after that is completed.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.