In the Matter of the Claim of JAMES A. CARR, Respondent, v CAIRO FIRE DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [913 NYS2d 832]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed February 20, 2009, which, among other things, ruled that claimant sustained consequential injuries as a result of a work-related accident and awarded workers' compensation benefits.

Claimant, a volunteer firefighter, was rolling up a hose at a firehouse when the reel handle spun and struck the back of his right hand. Claimant suffered a fracture of his right fifth metacarpal and was initially unable to work. While recovering, claimant returned to work as a house painter, apparently performing all of his work with his left hand. Several months after the incident, claimant began to complain of numbness and significant pain in both hands, and his physician diagnosed bilateral median nerve compression of the right wrist, left ulnar nerve compression at the elbow and possible right ulnar nerve compression at the elbow. The employer's workers' compensation carrier then obtained an independent medical examination (hereinafter IME) report from a physician who diagnosed claimant as suffering from right carpal tunnel syndrome related to the accident and consequential mild left carpal tunnel syndrome and recommended electrical studies to confirm the diagnosis. The carrier later obtained a second IME report from a different physician who found no carpal tunnel syndrome in either of claimant's wrists, and the carrier then disputed further treatment of claimant's injuries.

At a subsequent proceeding before the Workers' Compensation Law Judge (hereinafter WCLJ), there was an off-the-record discussion prior to the commencement of the proceeding. Thereafter, the WCLJ opened the record by announcing his determination to amend the claim, based on the medical report of claimant's treating physician and the carrier's first IME report, to include consequential bilateral carpal tunnel syndrome and consequential left ulnar nerve compression. The WCLJ then asked claimant two questions; however, no sworn testimony or cross-examination was conducted. At that same appearance, counsel for the employer and its carrier (hereinafter collectively referred to as the carrier) took exception to the ruling and requested "full development of the record with testimony of the claimant and treating physician." In response, the WCLJ ruled that the carrier had no right to medical testimony and neither claimant's testimony nor medical testimony was necessary. The Workers' Compensation Board affirmed the decision of the WCLJ, and the carrier now appeals.

The carrier contends that it was error for the WCLJ to deny its request to develop the record by obtaining claimant's testimony and by cross-examining claimant's treating physician. We agree. "[E]ither the claimant or the employer or his insurance carrier may introduce witnesses . . . in compensation proceedings" (*Matter of Emanatian v Saratoga Springs Cent. School Dist.*, 8 AD3d 773, 774 [2004] [internal quotation marks

and citation omitted]). Under the circumstances in this matter, and given the carrier's preservation of the issue, the carrier was entitled to obtain claimant's testimony prior to the determination amending claimant's claim (*id.* at 774).

The carrier likewise challenges the denial of its request to cross-examine claimant's treating physician. " '[W]hen the employer or its carrier . . . desires to produce for cross-examination an attending physician whose report is on file, the referee shall grant an adjournment for such purpose' " (*Matter of Pistone v Sam's Club*, 295 AD2d 875, 875 [2002], quoting 12 NYCRR 300.10 [c]; *Matter of McKenzie v UJA-FED*, 47 AD3d 1181, 1181 [2008]). In this matter, there is conflicting medical evidence between the opinions of claimant's treating physician, those set forth in the first IME report, and those set forth in the second IME report. "Since no formal testimony was taken at the . . . hearing, denial of the request to cross-examine claimant's attending physician to explore such issues clearly prejudiced the employer" (*Matter of Pistone v Sam's Club*, 295 AD2d at 876). Accordingly, the determination must be reversed. In light of our decision, the carrier's argument that the Board's decision lacks a substantial basis has been rendered academic.

Cardona, P.J., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.