■ In the Matter of the Claim of VINCENT ALBANO, Respondent, v WALDBAUM's et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [917 NYS2d 761]—

Kavanagh, J.

In 1996, claimant, while employed as a produce manager in a grocery store, sustained a compensable injury to his right shoulder and neck.[1] Thirteen years later, in April 2009, claimant again applied for workers' compensation benefits claiming that in January 2009, he had suffered an injury to his neck, right hand and left leg at work while unloading a pallette and lifting a package over his head. After hearings were conducted, during which the employer and its third-party administrator (hereinafter collectively referred to as the employer) were denied an opportunity to cross-examine claimant's physicians, a work-related

1. The Workers' Compensation Board shifted the claim to the Special Fund for Reopened Cases in June 2009.

injury to claimant's neck was established. Upon review, the Workers' Compensation Board affirmed and subsequently denied the employer's application for reconsideration or full Board review. The employer now appeals both decisions.[2]

The employer's sole argument on appeal is that the Board erred in denying its request to cross-examine claimant's physicians as to why their reports regarding their treatment of claimant made no reference to the January 2009 accident. However, that fact was fully developed at the hearing and was not an issue in this proceeding. Moreover, although the initial reports of claimant's physicians made no reference to the 2009 injury, their content is not inconsistent with claimant's testimony regarding what transpired at the time of his accident and the employer was permitted to cross-examine claimant about the incident as well as his contact with these physicians at the time they treated him. We also note, as did the Board, that despite this omission, there appears to be no dispute among these experts that claimant suffered a compensable injury in the workplace, and that his "complaints from January 12, 2009 and the history coordinate with the problems with the neck and shoulder and relate to that incident." In addition, Robert Moriarty, an orthopedic surgeon who examined claimant at the request of the employer, arrived at a similar conclusion and found, upon a review of claimant's medical records, that his injuries were causally related to the January 12, 2009 incident. Accordingly, we find that the Board did not err in denying the employer's request for an opportunity to cross-examine claimant's physicians (*see Matter of Wyman v Maidas Floral Shop*, 1 AD3d 728, 729 [2003]; *see also Matter of Pistone v Sam's Club*, 295 AD2d 875, 875-876 [2002]).

Rose, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, with costs to claimant.

**2.** Inasmuch as the employer fails to raise any issue with respect to its separate appeal of the Board's denial of its application for reconsideration or full Board review, we deem that appeal to be abandoned (*see Matter of Church v Arrow Elec., Inc.*, 69 AD3d 983, 984 n 3 [2010]).