■ In the Matter of the Claim of MICHAEL LEWIS, Respondent, v STEWART'S MARKETING CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [935 NYS2d 675]—

Peters, J.P.

Claimant sustained serious injuries to his head and right shoulder while working for the employer in 1997 and was awarded workers' compensation benefits. In 2008, the employer sought a hearing to determine the degree and permanency of claimant's disability. Claimant thereafter provided an updated medical report indicating that he had a permanent total disability. The employer submitted an independent medical report indicating that claimant suffered a moderate partial disability of a permanent nature and was capable of performing some type of work. The employer's request to cross-examine claimant and his physician concerning claimant's ability to work was denied, and the Workers' Compensation Law Judge determined that claimant had a permanent total disability as a result of his

---

work-related injuries and awarded benefits. Upon review, the Workers' Compensation Board affirmed, prompting this appeal by the employer and its workers' compensation carrier.

We reverse. The employer and carrier argue that the request to cross-examine claimant and his physician was improperly denied. It is clear that, where the employer makes a timely request to do so, it should be afforded an opportunity to obtain the testimony of the claimant and his or her physician (*see* 12 NYCRR 300.10 [c]; *Matter of Carr v Cairo Fire Dist.*, 80 AD3d 810, 811-812 [2011]; *Matter of Pistone v Sam's Club*, 295 AD2d 875, 875 [2002]). Moreover, inasmuch as the record contains conflicting medical reports regarding the nature of claim—ant's disability, denial of the employer's request to cross-examine claimant's physician clearly prejudiced the employer (*see Matter of Carr v Cairo Fire Dist.*, 80 AD3d at 812; *Matter of Pistone v Sam's Club*, 295 AD2d at 876; *compare Matter of Robideau v Van Rensselaer Manor*, 56 AD3d 866, 867 [2008]).

Rose, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.