■ In the Matter of the Claim of CRAIG MASON, Respondent, v GLENS FALLS READY MIX et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [961 NYS2d 351]—

Rose, J.P. Appeal from a decision of the Workers' Compensation Board, filed September 29, 2011, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, while working as a truck driver, sustained a back injury in April 2009 that he immediately reported to the employer. Claimant had no lost time as a result of the incident and sought no immediate medical treatment. In November 2010, claimant first sought treatment for lower back pain and he ceased working on December 15, 2010 due to disability. After an epidural steroid injection failed to provide relief, claimant underwent back surgery on January 5, 2011. The following day, claimant submitted a claim for disability benefits that indicated that the disability was not the result of an injury arising out of and in the course of his employment.

Subsequently, on January 28, 2011, claimant filed a claim for workers' compensation benefits. After the case was indexed by

the Workers' Compensation Board in March 2011, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed form C-669 in April 2011, on which the carrier indicated that the claim was not being disputed, but also raised the issues of whether claimant's disability was causally related, whether he was currently out of work due to unrelated reasons and whether he had sustained a new injury. Notwithstanding the carrier's objections, it paid several medical bills associated with claimant's treatment, including the bill for his January 2011 surgery. A hearing ensued in June 2011 before a Workers' Compensation Law Judge (hereinafter WCLJ) at which the carrier questioned the causal relationship between the April 2009 injury and claimant's current disability and requested further development of the record. The WCLJ denied that request and thereafter awarded claimant benefits for the period subsequent to his January 2011 surgery and continuing. The carrier appealed and the Board affirmed, finding, among other things, that the carrier's request to further develop the record was untimely. The carrier now appeals.

We reverse. It is axiomatic that both the claimant and the employer or its workers' compensation carrier are entitled to introduce witnesses in compensation proceedings (*see Matter of Lewis v Stewart's Mktg. Corp.*, 90 AD3d 1345, 1346 [2011]; *Matter of Carr v Cairo Fire Dist.*, 80 AD3d 810, 811-812 [2011]; *Matter of Emanatian v Saratoga Springs Cent. School Dist.*, 8 AD3d 773, 774 [2004]). Here, during the course of the June 2011 hearing, the carrier requested further development of the record, which was immediately denied by the WCLJ and, prior to the close of the hearing, the carrier again sought further development, particularly requesting the testimony of both claimant and his treating physician. Considering the facts that more than 19 months had elapsed between the April 2009 accident and the time that claimant first sought medical attention, the initial paperwork submitted to the employer indicated that claimant's disability did not arise out of his employment and claimant was on notice early in the proceedings that the carrier was contesting whether the disability was causally related, we find it was an abuse of discretion for the WCLJ to deny the carrier's timely request to further develop the record (*see Matter of Burroughs v Empire State Agric. Compensation Trust*, 2 AD3d 1120, 1121 [2003]). Inasmuch as the carrier had raised the issues of whether there was a causally related disability, whether claimant was out of work due to unrelated reasons and whether claimant had sustained a new injury, it was clear upon the carrier's initial request to the WCLJ that the testimonies of both claimant and his medical provider were essential to the development of the case.

To the extent that the Board held, and it now argues, that the carrier is estopped from contesting liability because it erroneously paid for certain medical bills, including claimant's surgery, it is noted that the Board cited no authority for its holding. Indeed, we have unequivocally held that, while an advance payment of compensation in the form of covered medical bills precludes a defense based upon the statute of limitations, it does not foreclose a carrier from asserting other defenses and, thus, will not give rise to estoppel where the elements have not been otherwise established (*Matter of Schneider v Dunkirk Ice Cream*, 301 AD2d 906, 909 [2003]).

Finally, to the extent that the Board found that the carrier failed to timely deny claimant's request for authorization of surgery in violation of Workers' Compensation Law § 13-a (5) and 12 NYCRR 325-1.4 (a) (6), the Board's determination is inapposite. The record demonstrates that claimant had surgery on January 5, 2010, nearly three weeks before he submitted his workers' compensation claim and, therefore, an authorization for surgery was never requested of the carrier. The parties' remaining arguments have been examined and found to be without merit or rendered academic in light of our decision.

Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.