*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                518647
_____

In the Matter of the Claim of
   MICHAEL J. LEWIS,
                Respondent,

     v

STEWART'S MARKETING CORPORATION       MEMORANDUM AND ORDER
   et al.,
                Appellants.

WORKERS' COMPENSATION BOARD,
                Respondent.
_____

Calendar Date:  October 17, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____

     Walsh & Hacker, Albany (Sean F. Nicolette of counsel), for
appellants.

     Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

_____

Devine, J.

     Appeal from a decision of the Workers' Compensation Board,
filed June 17, 2013, which, among other things, denied a request
for review of a decision continuing the matter for testimony.

     In 1997, claimant injured his head and right shoulder in
the course of his employment and was awarded workers'
compensation benefits.  The Workers' Compensation Board
classified him as having a permanent total disability in 2009,

but this Court reversed on appeal due to the improper denial of the employer's request to cross-examine claimant's physician (90 AD3d 1345, 1346 [2011]). At hearings held upon the Board's return of the case to the trial calendar for further development of the issues of permanency and proper award rate, the self-insured employer presented an unsigned, proposed draft stipulation that would have, among other things, classified claimant with a permanent partial disability and stipulated to particular compensation rates during certain time frames. The Workers' Compensation Law Judge (hereinafter WCLJ) did not approve the stipulation or refer to it in decisions following the hearings, but continued the case for medical depositions and additional testimony. The employer appealed, arguing that the WCLJ should have approved the stipulation and that the WCLJ should have been removed from the case because he had prejudged the degree of claimant's injury. The Board noted that the proposed stipulation did not resolve certain open issues and that the employer sought to stipulate to issues beyond its authority to resolve, and determined, in any event, that there was no valid, signed stipulation in the record or decision regarding the stipulation for the Board to review. The Board also declined to remove the WCLJ from the case. The employer and its third-party administrator now appeal.

Inasmuch as "[t]he Board's decision was interlocutory and did not dispose of all of the substantive issues or reach a potentially dispositive threshold legal issue," it is not appealable (Matter of Hosler v Smallman, 106 AD3d 1218, 1219 [2013] [internal quotation marks and citation omitted]; see Matter of DePascale v Magazine Distribs., Inc., 116 AD3d 1100, 1101 [2014]). The Board has the power to disregard even a valid stipulation if it chooses (see Matter of Hosler v Smallman, 106 AD3d at 1219). Here, the Board continued the case with respect to the issues addressed by the stipulation, and "[w]e will not conduct a piecemeal review of the issues presented in a nonfinal decision in workers' compensation cases that will be reviewable upon an appeal of the Board's final decision," which has since been issued (Matter of DePascale v Magazine Distribs., Inc., 116 AD3d at 1101). Accordingly, the appeal is dismissed.

Stein, J.P., McCarthy, Garry and Lynch, JJ., concur.

ORDERED that the appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court