Lahtinen, J.R
Appeal from a decision of the Workers’ Compensation Board, filed January 27, 2014, which, among other things, ruled that claimant’s removal from the labor market was involuntary.
Claimant suffered a work-related injury to his back in 1998 and was awarded workers’ compensation benefits for the time period from January 17, 2000 to April 10, 2000. Medical treatment for his back continued and the Special Fund for Reopened Cases accepted liability for the claim in 2006. In 2012, an orthopedic surgeon found claimant to be totally disabled due to the work-related injury to his back and surgery was performed. In a proposed decision, the Workers’ Compensation Board awarded claimant compensation at a $400 weekly rate from the date of surgery going forward. The Special Fund objected and sought to obtain claimant’s testimony as to his attachment *1302 to the labor market prior to the surgery. A Workers’ Compensation Law Judge denied the request and granted claimant the same benefits included in the proposed decision. The Workers’ Compensation Board affirmed the decision upon administrative appeal, finding that the record evidence demonstrated that claimant had involuntarily separated from the labor market by taking disability retirement in 2003 due, in part, to his work-related back injury and, therefore, claimant’s testimony was unnecessary. The Special Fund now appeals.
We reverse. Whether claimant had voluntarily removed himself from the labor market prior to his surgery is relevant in determining whether he had a post-retirement loss of wages as a result of the disability related to the surgery (see Matter of Lombardo v Otsego County Empls., 125 AD3d 1079, 1081 [2015]; Matter of Bacci v Staten Is. Univ. Hosp., 32 AD3d 582, 584 [2006]). Here, the Board determined that claimant involuntarily withdrew from the labor market based upon its finding that claimant had retired in 2003 due in part to his compensable back injury. In reaching this determination, the Board relied on an affidavit executed by claimant in 2006 in conjunction with the transfer of liability to the Special Fund. Notably, however, claimant does not state in the affidavit that he retired in 2003, or that he stopped working due to a disability at that time. The only reference he makes as to why he might have stopped working in 2003 was a reference to the fact that, during that year, the employer closed the mill where he worked. There is no indication in the record as to what work claimant was performing for the employer at the time that the mill closed or whether claimant was disabled in 2003. Although claimant also states in the 2006 affidavit that he was retired at that time and was collecting Social Security disability and retirement benefits related to depression, his back, both knees, breathing difficulties and arthritis, the medical reports in the record reflect that he was working until 2009. Given the lack of proof in the record that claimant retired in 2003 due at least in part to his compensable back injury, the Board’s finding that he involuntarily removed himself from the labor market at that time is not supported by substantial evidence (see Matter of Lombardo v Otsego County Empls., 125 AD3d at 1081). Further, in light of the relevance of whether claimant’s decision to retire was due at least in part to a work-related disability, we find, under these circumstances, that the Special Fund was prejudiced by the denial of its request for claimant’s testimony regarding this issue (see Matter of Lewis v Stewart’s Mktg. Corp., 90 AD3d 1345, 1346 [2011]; Matter of Emanatian v Saratoga Springs Cent. School Dist., 8 AD3d 773, 774 [2004]). Accordingly, the Board’s decision must be reversed.
*1303 Garry, Lynch and Clark, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.