*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    520564
_____

In the Matter of the Claim of
    MATTHEW S. JOHNSON,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

ADAMS & ASSOCIATES et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        The Law Firm of Alex Dell, Albany (Courtney E. Holbrook of counsel), for appellant.

        Law Offices of Rafal Ankier, New York City (Sarah Baia of counsel), for Hartford Casualty Insurance Company, respondent.

_____

Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board, filed April 21, 2014, which, among other things, ruled that claimant did not sustain a consequential injury to his left upper extremity and denied his claim for further workers' compensation benefits.

        In 2009, claimant fell at work injuring his left knee, and his claim for workers' compensation benefits was established. The claim later was amended to include left lower extremity reflex sympathetic dystrophy (hereinafter RSD), left leg deep

vein thrombosis and injuries to claimant's left achilles heel and right knee.

In 2013, claimant sought to amend the claim to include consequential RSD to his left upper extremity.  A Workers' Compensation Judge denied the application based upon a lack of credible medical evidence to support the diagnosis.  Upon review, the Workers' Compensation Board affirmed, concluding that claimant had not demonstrated a consequential injury to his left upper extremity and that any advance payments of compensation made by the employer's workers' compensation carrier regarding that condition did not compel the amendment of the established claim to include such condition.  Claimant now appeals.

We affirm.  "So long as the Board's determination is supported by substantial evidence it will be upheld" (Matter of Gilman v Champlain Val. Physicians Hosp., 23 AD3d 860, 861 [2005] [citations omitted]; accord Matter of Eber v Jawanio, Inc., 85 AD3d 1520, 1521 [2011]).  Here, Louis Nunez, a physician who conducted an independent medical examination of claimant — consisting of three physical examinations and a review of his medical records — opined that claimant was not suffering from RSD of the left upper extremity.  Nunez based his opinion on the lack of any of the objective signs of RSD in claimant — changes in hair and nail growth, changes in the color and temperature of the skin, changes in the sweat glands and atrophy.  Nunez further noted that a bone scan of claimant was negative for RSD.  The record also contains the medical reports of three other physicians who examined claimant and found no objective signs of RSD in the left upper extremity.  In contrast, claimant's treating physician, Brian Bilfield, opined that claimant suffers from RSD of the left upper extremity and that this condition is consequentially related to the 2009 injuries.  Bilfield admittedly made this diagnosis without observing the objective signs of RSD.  Rather, he reached his diagnosis based upon claimant's subjective complaints and muscle tremors.  Inasmuch as the resolution of conflicting medical opinions is within the exclusive province of the Board, we find its decision that claimant failed to establish RSD of the left upper extremity to be supported by substantial evidence (see Matter of Campione v FMCS, 125 AD3d 1072, 1073 [2015]; Matter of Alm v Natural Health

<u>Family Chiropractic</u>, 85 AD3d 1500, 1501 [2011]).

Finally, we reject claimant's contention that the carrier is estopped from contesting liability for left upper extremity RSD based upon certain advance payment of compensation for medical bills that referenced both the established claim and left upper extremity RSD.  "[W]hile an advance payment of compensation in the form of covered medical bills precludes a defense based upon the statute of limitations, it does not foreclose a carrier from asserting other defenses and, thus, will not give rise to estoppel where the elements have not been otherwise established" (<u>Matter of Mason v Glens Falls Ready Mix</u>, 104 AD3d 1010, 1012 [2013]; <u>see</u> <u>Matter of Schneider v Dunkirk Ice Cream</u>, 301 AD2d 906, 909 [2003]).

Garry, J.P., Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court