Matter of Schmerler v Longwood Sch. Dist. (2018 NY Slip Op 05544)





Matter of Schmerler v Longwood Sch. Dist.


2018 NY Slip Op 05544


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of the Claim of SUSAN SCHMERLER, 
v
LONGWOOD SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and

 Pritzker, JJ.

Turley, Redmon, Rosasco & Rosasco, LLP, Ronkonkoma (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for Longwood School District and another, respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed March 14, 2017, which denied claimant's request to amend her claim to include bilateral hip and knee injuries, and (2) from a decision of said Board, filed June 26, 2017, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a school security guard, established a claim for work-related injuries to her neck, back and both hands as a result of restraining a special needs student on September 13, 2013. Thereafter, claimant sought to amend the claim to include bilateral hip and knee injuries. Following a hearing, a Workers' Compensation Law Judge found that there was insufficient evidence regarding causal relationship with respect to those injuries and disallowed the amendment to the claim. The Workers' Compensation Board affirmed and subsequently denied claimant's application for reconsideration and/or full Board review. Claimant appeals from both Board decisions.[FN1]
We affirm. "The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Park v Corizon Health Inc., 158 AD3d 970, 971 [*2][2018] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [June 12, 2018]; see Matter of Johnson v Adams & Assoc., 140 AD3d 1552, 1553 [2016]). Further, it is within the Board's exclusive province to resolve conflicts in medical opinions (see Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1494 [2017], affd 30 NY3d 990 [2017]; Matter of Schwartz v State Ins. Fund, 120 AD3d 1450, 1451 [2014], lv denied 24 NY3d 910 [2014]). Here, the Board credited the testimony of Shariar Sotudeh, an orthopedic surgeon, who first examined claimant in December 2013 and again in November 2015. As established by his testimony and his documented findings, Sotudeh's examinations of claimant's knees and hips were normal, with normal ranges of motion in all areas. Sotudeh noted that claimant did not sustain any direct trauma to her knees or hips and, to explain her complaints of pain, opined that she could be experiencing referred pain from other established injuries. Based upon his examinations of claimant and a review of her medical records, Sotudeh opined that there was no causal relationship between the workplace incident and claimant's complaints of knee and hip pain. Although other medical experts examined claimant in 2015 and presented opinions that could support a contrary conclusion, according deference to the Board's resolution of conflicting medical testimony, its determination not to amend that 2013 claim to include bilateral hip and knee injuries is supported by substantial evidence and will not be disturbed (see Matter of Schwartz v State Ins. Fund, 120 AD3d at 1451-1452; compare Matter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089-1090 [2018]).
McCarthy, J.P., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: Claimant raises no argument in her appellate brief regarding the denial of her request for reconsideration and/or full Board review, and we therefore deem the appeal from that decision to be abandoned (see Matter of Kraus v Wegmans Food Mkts, Inc., 156 AD3d 1132, 1134 n 3 [2017]).