Matter of Lazalee v Wegman's Food Mkts., Inc. (2022 NY Slip Op 00099)





Matter of Lazalee v Wegman's Food Mkts., Inc.


2022 NY Slip Op 00099


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532932
[*1]In the Matter of the Claim of Thomas Lazalee, Respondent,
v
Wegman's Food Markets, Inc., Appellant. Workers' Compensation Board, Respondent.

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Law Offices of Melissa A. Day, PLLC, Amherst (Brian K. Prince of counsel), for appellant.
Connors & Ferris, LLP, Rochester (Gregory R. Connors of counsel), for Thomas Lazalee, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed July 29, 2020, which ruled, among other things, that the employer's request to cross-examine claimant's physician was untimely.
Claimant, a truck driver for the self-insured employer, has an established 2018 claim for work-related occupational disease to his right hand for which he had surgery in October 2018 to repair a trigger thumb and carpal tunnel syndrome. In February 2019, claimant's treating physician, Raymond Stefanich, performed an approved surgery to his left hand for work-related carpal tunnel syndrome. The employer voluntarily paid him at the temporary total disability rate for this period (August 2, 2018 onset of disability to April 13, 2019), suspending payments upon claimant's return to work on April 15, 2019, without restrictions. The Workers' Compensation Board later issued a decision finding that claimant had a work-related injury to his right trigger thumb and directed awards at a temporary total disability rate for that period. In September 2019, Stefanich diagnosed claimant with trigger finger to his left thumb and left little finger, and the employer approved surgery to repair those fingers, which occurred on October 18, 2019. Stefanich thereafter periodically examined claimant and classified him in reports as temporarily totally disabled subsequent to that surgery and directed him to remain out of work based upon, among other factors, his rate of healing, pain, stiffness, limited flexion and extension and swelling, until approving him to return to work on January 6, 2020, without restrictions. During that postsurgical period, the employer paid claimant at the temporary total disability rate until he returned to work although it had not yet been directed to do so.
In January 2020, claimant requested that the established claim be modified to include his left hand carpal tunnel syndrome. At the April 2020 hearing, the employer accepted claimant's request to amend the claim to include bilateral carpal tunnel syndrome as well as left hand trigger thumb and little finger. The employer further requested, for the first time, to cross-examine Stefanich in order to contest his finding on the issue of the degree of disability — i.e., temporary total disability — following the October 2019 surgery. Claimant opposed the request given Stefanich's uncontroverted medical reports and the employer's failure to obtain an independent medical exam during that time and payment of lost wages at that temporary total disability rate. A Workers' Compensation Law Judge amended the claim to include bilateral carpal tunnel syndrome and the left thumb and little finger, found that claimant's postsurgical 11-week period of temporary total disability (October 18, 2019 to January 6, 2020) was appropriate, awarded benefits at that rate for that period and denied the employer's request to cross-examine Stefanich. On the employer's appeal, the Board affirmed, finding, among other [*2]things, that the request to cross-examine Stefanich was untimely. The employer appeals.
We affirm. The employer argues that it is entitled to cross-examine Stefanich regarding his opinion concerning claimant's degree of disability. 12 NYCRR 300.10 (c) provides, in relevant part, that "[w]hen the employer . . . desires to produce for cross-examination an attending physician whose report is on file, the referee shall grant an adjournment for such purpose." However, "this right may be waived if not asserted in a timely manner" (Matter of Ferguson v Eallonardo Constr., Inc., 173 AD3d 1592, 1594 [2019]; see Matter of Floyd v Millard Fillmore Hosp., 299 AD2d 610, 611 [2002]). Following the October 2019 surgery, the employer accepted liability and voluntarily paid claimant for 11 weeks until Stefanich cleared him to return to work; at no point prior to the April 2020 hearing, three months after claimant's return to work, did the employer seek to suspend benefits, question his degree of disability or request further action. The Board rationally concluded that the employer's belated request to cross-examine Stefanich regarding claimant's postsurgical recovery period was "disingenuous" in that claimant required the use of his hands to perform his job, and Stefanich's uncontroverted medical reports documenting claimant's loss of range of motion, swelling, tenderness and other factors that supported the finding that he his temporary disability was total. We discern no basis, on these facts, to disturb the Board's finding that the request was untimely, waiving the right to cross-examination (see Matter of Brown v Clifton Recycling, 1 AD3d 735, 736 [2003]; Matter of Ricci v Riegel & Sons, 278 AD2d 673, 674 [2000]; cf. Matter of Ferguson v Eallonardo Constr. Inc., 173 AD3d at 1594-1595; Matter of Lewis v Stewart's Mktg. Corp., 90 AD3d 1345, 1346 [2011]; Matter of Carr v Cairo Fire Dist., 80 AD3d 810, 812 [2011]; Matter of Pistone v Sam's Club, 295 AD2d 875, 875-876 [2002]). The employer's remaining contentions have been considered and found to be without merit.
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.