# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 87
In the Matter of the Claim of
Thomas Lazalee,
     Respondent,
       v.
Wegman's Food Markets, Inc.,
     Appellant.
Workers' Compensation Board,
     Respondent.

Melissa A. Day, for appellant.
Gregory R. Connors, for respondent Lazalee.
Sean P. Mix, for respondent New York State Workers Compensation Board.

TROUTMAN, J.:

Under the rules of the Workers' Compensation Board (Board), if an employer "desires to produce for cross-examination an attending physician whose report is on file, the referee shall grant an adjournment for such purpose" (12 NYCRR 300.10 [c]). At issue

- 1 -

here is whether a workers' compensation law judge (WCLJ) has the discretion to deny a request for cross-examination made at a hearing, before the WCLJ has rendered a decision on the merits. Because 12 NYCRR 300.10 (c) affords no such discretion, we reverse the order of the Appellate Division.

Claimant filed a claim for benefits in 2018 while out of work with a right thumb injury and carpal tunnel syndrome, for which he underwent surgery. The employer did not controvert any aspect of the claim and paid claimant at the temporary total disability rate. The Board later awarded claimant 36.4 weeks' compensation for an established right thumb injury. After claimant returned to work in 2019, his physician diagnosed him with similar injuries to his left hand. Claimant filed for benefits and, again, the employer paid him at the temporary total disability rate. Claimant returned to work from the left-hand injuries in January 2020 and requested a hearing to amend the prior award by including the additional injuries. The employer accepted liability at the April 2020 hearing but sought to cross-examine the physician as to the degree of impairment during claimant's most recent period out of work. A WCLJ denied the request on the ground that claimant's 11.2-week absence was not "excessive" and awarded claimant compensation over that period at the temporary total disability rate.

The Board affirmed, finding the request to cross-examine claimant's physician was untimely because that request was made after the employer paid claimant at the total disability rate until his return to work, waited three months after that to raise the issue and seek to "retroactively argue that the claimant was not totally disabled," and made that argument based only on counsel's interpretation of the reports "without any contrary

credible medical evidence." The Appellate Division affirmed, holding there was no basis to disturb the Board's conclusion that claimant's "belated" request to cross examine the physician was " 'disingenuous' " because claimant "required the use of his hands to perform his job" and the physician's "uncontroverted medical reports" supported the finding of total temporary disability (201 AD3d 1110, 1112 [3d Dept 2022]). We granted the employer leave to appeal (*see* 39 NY3d 905 [2022]).

The Board has the power to "adopt reasonable rules consistent with and supplemental to the provisions of" the Workers' Compensation Law (Workers' Compensation Law § 117 [1]; *see Matter of Kigin v State of N.Y. Workers' Compensation Bd.*, 24 NY3d 459, 467 [2014]). Rules duly promulgated pursuant to Workers' Compensation Law § 117 are binding upon the Board (*see Matter of Vukel v New York Water & Sewer Mains*, 94 NY2d 494, 497 [2000]; *Matter of Frick v Bahou*, 56 NY2d 777, 778 [1982]).

The rule at issue here provides that, if "the employer or its carrier or special fund desires to produce for cross-examination an attending physician whose report is on file, the referee *shall* grant an adjournment for such purpose" (12 NYCRR 300.10 [c] [emphasis added]). The mandatory nature of this language contrasts with the language used in the Board's other rules governing adjournment of hearings, which afford referees discretion and create exceptions to otherwise mandatory rules. For example, if the employer fails to present evidence as directed by the Board, the referee "*may* adjourn the hearing" and, if the employer fails to present evidence on the adjourned date, the referee "shall proceed to make a decision *unless*" the referee finds "extraordinary circumstances" warranting "a further

adjournment" (12 NYCRR 300.10 [b] [emphasis added]).  Under the plain language of the rule, the employer properly exercised its rights by making its request at a hearing on the claim prior to the WCLJ's ruling on the merits (*cf. Matter of Ferguson v Eallonardo Constr., Inc.*, 173 AD3d 1592, 1595 [3d Dept 2019]; *Employer: DeLeon Constr., Inc.*, 2017 WL 2981609, *2, 2017 N.Y. Wrk. Comp. LEXIS 8923, *5 [WCB No. G166 0081, June 29, 2017]).

Cases relied upon by the Board involving belated section 300.10 (c) requests are inapposite. Those cases hold that such a request is "waive[d]" if made for the first time before the Board or the Appellate Division (*Matter of Brown v Clifton Recycling*, 1 AD3d 735, 736 [3d Dept 2003]; *Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 611 [3d Dept 2002]) and are consistent with our holding here concerning a request made before the WCLJ at a hearing. Upon such a request, the WCLJ must adjourn the hearing and afford the employer the opportunity to produce the claimant's physician for cross-examination (*see* 12 NYCRR 300.10 [c]).  If the Board concludes that the WCLJ should have discretion under those circumstances, it is within the Board's power to amend its rules as it sees fit (*see* Workers' Compensation Law § 117 [2]).

Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to the Appellate Division with directions to remand to the New York State Workers' Compensation Board for further proceedings in accordance with this opinion.

Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, with directions to remand to the New York State Workers' Compensation Board for further proceedings in accordance with the opinion herein. Opinion by Judge Troutman. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Halligan concur.

Decided December 12, 2023