■ In the Matter of the Claim of PAUL HARRIS, Appellant, v PHOENIX CENTRAL SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 334]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed December 28, 2004, which denied claimant's request to reopen his case.

Claimant filed for workers' compensation benefits alleging that he suffered a work-related injury to his elbow on May 6, 2004. However, he concededly did not give notice of such injury to his employer until June 11, 2004. Following a hearing before a workers' compensation law judge (hereinafter WCLJ), the claim was disallowed on the grounds that notice was not timely given, claimant had not shown a lack of prejudice to the employer, and the late notice was, in fact, prejudicial to the employer (*see* Workers' Compensation Law § 18). Claimant did not seek review of the WCLJ's decision by the Workers' Compensation Board pursuant to Workers' Compensation Law § 23. More than two months after that decision was filed, claimant submitted a request for further action by the Board, seeking a hearing on the issue of whether his late notice of injury should be excused. The Board denied the request to reopen the case, prompting this appeal.

Significantly, the Board's determination not to reopen claimant's case is subject to judicial review only for an abuse of discretion (*see Matter of Rusyniak v Syracuse Flying School*, 37 NY2d 384, 388, 390 [1975]; *Matter of Pascarella v Marlboro Fire Dept.*, 300 AD2d 896, 897 [2002]; *see also Matter of Naylon v Erie County Highway Dept.*, 14 AD3d 932, 933 [2005]; *Matter of Mackenzie v Management Recruiters*, 271 AD2d 822, 824-825 [2000], *lv denied* 95 NY2d 768 [2000]). Here, the Board denied claimant's request because he had a full opportunity to litigate the issue of late notice in the hearing before the WCLJ (during which he was represented by counsel), he did not seek Board review of the WCLJ's decision, and his application for rehearing set forth no new evidence that would warrant reconsideration of the issue (*see* 12 NYCRR 300.14 [a]). Inasmuch as these reasons, which are supported by the record, provide a rational basis for the Board's denial of claimant's request to reopen, that determination will not be disturbed (*see Matter of Druziak v Town of Amsterdam, Cranesville Fire Dept.*, 209 AD2d 870, 871 [1994], *lv denied* 85 NY2d 809 [1995]).

Furthermore, in light of claimant's failure to seek Board review of the decision of the WCLJ pursuant to Workers' Compensation Law § 23, claimant's allegations of error by the WCLJ are not properly before this Court (*see Matter of Romano*

*v New York City Dept. of Corrections*, 305 AD2d 872, 873 [2003], *lv dismissed* 1 NY3d 544 [2003]).

Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.