In the Matter of the Claim of GEORGE TAYLOR, Appellant, v RALEIGH HOTEL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [826 NYS2d 796]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 23, 2006, which denied claimant's request to reopen his case.

Although accounts differ as to when and how he arrived there, claimant was discovered, on June 13, 2002, on a first-floor roof at the Raleigh Hotel in the Town of Fallsburg, Sullivan County, after having fallen from a roof three floors higher. Claimant, a painter who had been living and working at the hotel for approximately five weeks prior to the incident, maintains that his fall occurred on the morning of June 11, 2002, while he was attempting to scrape paint off of a wall adjacent to the fourth-floor roof, and that he lay there unconscious for two days. At a hearing regarding his subsequent claim for workers' compensation benefits, however, multiple hotel employees testified that they witnessed an intoxicated claimant stumbling around the hotel grounds only hours before he was found on June 13.

A Workers' Compensation Law Judge (hereinafter WCLJ) determined, in a decision filed October 24, 2003, that the testimony of the other employees was more credible than that of claimant and disallowed his claim. That determination was affirmed by the Workers' Compensation Board on May 27, 2004. On June 8, 2004, claimant submitted a notice of appeal to this Court regarding that determination. His contemporaneous request to the Board for reconsideration was denied on September 28, 2004 and his appeal to this Court was deemed abandoned pursuant to 22 NYCRR 800.12 in March 2005. Claimant's further requests that the Board reopen or rehear his case were formally denied in a decision filed on January 23, 2006, prompting the instant appeal.

Inasmuch as judicial review of a Board determination not to reopen claimant's case is limited to whether the Board abused its discretion, we affirm (*see Matter of Harris v Phoenix Cent. School Dist.*, 28 AD3d 1051, 1052 [2006]). Despite his insistence that he has submitted newly discovered evidence, a review of the record reveals that claimant's sole contention is that the initial credibility determinations of the WCLJ who disallowed his claim were unsound. Such an assertion fails to satisfy the reopening criteria set forth in 12 NYCRR 300.14. Furthermore, claimant, who testified in his own behalf and was afforded the opportunity, through counsel, to cross-examine the employer's witnesses, has offered no supporting documentation for his allegations regarding the falsity of any testimony relied on by either the WCLJ or the Board (*cf. Matter of Hughes v Steuben County Self-Ins. Plan*, 248 AD2d 757, 758 [1998]).

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.