■ In the Matter of the Claim of JOHN RETZ, Appellant, v SURPASS CHEMICAL COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [834 NYS2d 389]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 18, 2005, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving wage replacement benefits.

Claimant sustained work-related injuries in May 1994 and began receiving workers' compensation benefits at that time. In 2000, the employer's workers' compensation carrier raised the issue of Workers' Compensation Law § 114-a, contending that claimant had misled its medical examiner regarding the extent of his injuries. Following hearings, a Workers' Compensation Law Judge reclassified claimant as permanently, partially disabled, determined that claimant had violated Workers' Compensation Law § 114-a, and imposed both mandatory and discretionary penalties pertaining to awards that claimant had received between March 15, 2000 and June 13, 2000.

In a decision filed on November 29, 2004, the Workers' Compensation Board affirmed, explicitly determining that a permanent disqualification of benefits would be disproportionate to claimant's offense. The Board also found that claimant had voluntarily withdrawn from the labor market as of June 9, 2000, and suspended awards from that date. While claimant's application for full Board review of that decision was pending, the Board issued an amended decision, on May 18, 2005, ruling that claimant's violation of Workers' Compensation Law § 114-a was so egregious as to warrant his permanent disqualification from receiving wage replacement benefits. The sole issue on this appeal, as limited by claimant's brief, is whether the discretionary penalty of disqualification was disproportionate to claimant's offense.

We affirm. "The Board maintains continuing jurisdiction over matters before it and is authorized to modify prior decisions on its own initiative as it deems just" (*Matter of Nwoko v City of New York*, 29 AD3d 1070, 1072 [2006] [citations omitted]). Moreover, Workers' Compensation Law § 114-a allows the Board to disqualify a claimant from receiving wage replacement benefits despite the existence of compensable injuries (*see Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 266 [2003]). Here, claimant was examined by the carrier's medical examiner, William Bronk, on March 15, 2000. He informed Bronk that he was suffering from terrible low back pain that restricted his sitting tolerance to 20 minutes at a time and made it difficult for him to sleep. He similarly complained of numbness in his right leg, increased foot drop in his lower left extremity and no strength in his right knee. Bronk observed that claimant was unable to stand in a fully upright position, that pain in his back prevented him from bending beyond 30 degrees and that he was unable to extend his right knee from a flexed position while seated on an examination table. Video surveillance of claimant, meanwhile, depicts him arriving at Bronk's office with a leg brace covering his entire right leg and using both a cane and a walker for assistance in maneuvering.

In stark contrast, video surveillance of claimant from earlier that day shows him walking with a normal gait without the assistance of a cane, walker or visible leg brace while playing catch with his children in his driveway. Furthermore, after his medical appointment, claimant is shown, again without a cane, walker or visible leg brace, walking upright, wheeling a welding machine from his garage to a tow truck in his driveway, jacking up the side of the truck and welding parts onto the vehicle while laying on the ground on both sides of his body. Additional

video evidence, taken on other dates, shows claimant bending, squatting, lifting, unloading groceries from the back of his truck, setting up a campsite and working on his boat. Notably, claimant was not using a visible brace, cane or walker while performing any of those tasks.

In its amended decision, the Board noted the extent of claimant's deception, the Legislature's intent in enacting Workers' Compensation Law § 114-a as a means of combating the serious problem of workers' compensation fraud and the lack of mitigating circumstances to counter the severity of claimant's misrepresentations. In our view, the Board's determination that disqualification is not disproportionate to the underlying violation is supported by substantial evidence in the record and we will not disturb that determination here (*see Matter of Harabedian v New York Hosp. Med. Ctr.*, 35 AD3d 915, 916 [2006]).

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.