■ In the Matter of the Claim of PETER A. CIPRIANO, Respondent, v ONONDAGA COUNTY CORRECTIONS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [874 NYS2d 331]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed August 6, 2007, which, among other things, ruled that claimant sustained a permanent total disability.

In the course of his employment as an assistant correction commissioner, claimant suffered a heart attack in 1987, underwent coronary bypass surgery and was awarded workers' compensation benefits in 1989. In 1990, he stopped working due to stress-related angina episodes. Workers' compensation benefits were awarded for that condition as well. Claimant was found to have a permanent partial disability, which was apportioned equally between the two claims.

Beginning in 2005, claimant underwent further treatment for his coronary artery disease. The self-insured employer objected to the treatment and alleged that, among other things, it was not causally related to his employment. A Workers' Compensation Law Judge rejected that claim and determined that claimant sustained a permanent total disability. Upon review, the Workers' Compensation Board affirmed the disability finding and declined to reconsider the issue of causation. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal, and we affirm.

The employer's argument regarding the link between claimant's heart disease and his employment is unpersuasive. In 1989, a Workers' Compensation Law Judge determined that claimant's coronary artery disease was an occupational disease. As the employer failed to seek Board review of that decision, its present challenge to causation is not properly before us (see Matter of Harris v Phoenix Cent. School Dist., 28 AD3d 1051, 1052-1053 [2006]). To the extent the employer argues that the Board erred in declining to reconsider the issue, we do not find its decision to be either arbitrary and capricious or an abuse of discretion (see Matter of Earnest v J.P. Molyneux Studio, Ltd., 47 AD3d 1176, 1177 [2008], lv dismissed 10 NY3d 855 [2008]; Matter of Albrecht v Orange County Community Coll., 80 AD2d 926 [1981]). As a final matter, we are satisfied that the Board properly reviewed and weighed the evidence and did not apply an incorrect standard in reaching its decision.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.