■ In the Matter of the Claim of DAVID R. BURRIS, Appellant, v GARY OLCOTT, Trading as ADIRONDACK SATELLITE, et al., Respondents, and TIME WARNER SATELLITE SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [944 NYS2d 775]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 27, 2010, which, among other things, denied claimant's request to reopen his workers' compensation claim.

On July 23, 1996, claimant was injured at work and his claim for workers' compensation benefits was ultimately established in June 2003 for an injury to his left upper extremity. In June 2004, claimant sought to amend his claim to include a neck injury.* A Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant's application was time-barred under Workers' Compensation Law § 28. Claimant did not request a review of this decision by the Workers' Compensation Board.

In 2006, a WCLJ awarded claimant a 20% schedule loss of use of his left arm and found that issues regarding claimant's possible violation of Workers' Compensation Law § 114-a were rendered moot by the prior determination that the claim related to his neck was time-barred. The Board denied claimant's subsequent request for review of the determination, concluding that claimant's failure to apply for Board review of the WCLJ's 2004 decision (denying as untimely his request to amend his 1996 claim to add a neck injury) rendered his 2006 application for review untimely pursuant to Workers' Compensation Law

---

* Claimant specifically claimed that his neck injury was directly related, as opposed to consequentially related, to the 1996 incident.

§ 23. In 2010, claimant submitted a request for further action seeking a reopening of his claim, again contending that he suffered a neck injury as a direct result of the 1996 incident. Following a hearing, a WCLJ denied claimant's request, finding, among other things, that the claim for the neck injury had previously been disallowed. Upon review, the Board affirmed and claimant now appeals.

We affirm. "[T]he Board's determination not to reopen claimant's case is subject to judicial review only for an abuse of discretion" (*Matter of Harris v Phoenix Cent. School Dist.*, 28 AD3d 1051, 1052 [2006]; *see Matter of Rusyniak v Syracuse Flying School*, 37 NY2d 384, 388 [1975]). Here, the record reflects that claimant had a full opportunity to litigate his claim for a causally-related neck injury before a WCLJ in 2004, and he did not seek Board review of the WCLJ's decision denying his claim. Accordingly, claimant's challenges to that determination are not properly before us (*see Matter of Cipriano v Onondaga County Corrections*, 60 AD3d 1120, 1121 [2009]). Further, claimant's request for further action did not contain any new material evidence warranting a reconsideration of the issue (*see* 12 NYCRR 300.14 [a]; *see also Matter of D'Errico v New York City Dept. of Corrections*, 65 AD3d 795, 796 [2009], *appeal dismissed* 13 NY3d 899 [2009]). Contrary to claimant's contention, substantial evidence supports the Board's factual finding that he did not present evidence that the employer's workers' compensation carrier made any advance payments for medical treatment in recognition of liability for a causally-related neck injury that would have waived the two-year time limitation of Workers' Compensation Law § 28 (*see Matter of Hernandez v Guardian Purch. Corp.*, 50 AD3d 1258, 1258-1259 [2008]). Accordingly, we conclude that the Board's denial of claimant's request to reopen his claim was not an abuse of discretion and it will not be disturbed (*see Matter of Taylor v Raleigh Hotel*, 35 AD3d 1053, 1054 [2006], *lv dismissed* 9 NY3d 908 [2007]; *Matter of Harris v Phoenix Cent. School Dist.*, 28 AD3d at 1052).

Kavanagh, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.