McCarthy, J.
Appeal from a decision of the Workers’ Compensation Board, filed June 17, 2011, which ruled that claimant was permanently disqualified from receiving wage replacement benefits.
Claimant was involved in a work-related accident in 1995 and a workers’ compensation claim was established for injury to his back. In 2002, the Workers’ Compensation Board found that claimant violated Workers’ Compensation Law § 114-a and assessed a penalty of permanent disqualification from wage replacement benefits. In 2010, the claim was expanded to include both hips, and claimant thereafter sought to have the previously imposed penalty lifted on this basis. Following a hearing, a Workers’ Compensation Law Judge denied claimant’s application and, upon review, the Workers’ Compensation Board affirmed. Claimant now appeals.
Initially, inasmuch as claimant did not appeal from the Board’s 2002 decision regarding his violation of Workers’ Compensation Law § 114-a, and the time to do so has long since passed, any arguments raised with regard to that decision and the penalty imposed are not properly before us (see Matter of Burris v Olcott, 95 AD3d 1522, 1523 [2012]; Matter of Mistofsky v Consolidated Edison Co. of N.Y., Inc., 68 AD3d 1256, 1258 [2009]). Turning to the Board’s decision not to vacate claimant’s permanent disqualification from indemnity benefits based upon the expansion of the claim to include injury to claimant’s hips, we begin by noting that there is no specific provision for reopening a decision and penalty under Workers’ Compensation Law § 114-a. However, the Workers’ Compensation Law generally provides that the Board has continuing jurisdiction over the matters before it and may make modifications to prior decisions as it deems just (see Workers’ Compensation Law § 123; Matter ofRetz v Surpass Chem. Co., Inc., 39 AD3d 1037, 1038 [2007]). The Board’s determination in this regard will not be set aside absent an abuse of discretion (see Matter of Burris v Olcott, 95 AD3d at 1523; Matter of Cagle v Judge Motor Corp., 31 AD3d 1016, 1017 [2006], lv dismissed 7 NY3d 922 [2006]), which we *1200 do not perceive in this case. The Board identified the extent of claimant’s deception and the Legislature’s effort to combat workers’ compensation fraud in enacting Workers’ Compensation Law § 114-a as reasons for continuing the penalty, and reasonably concluded that the addition of a new injury site does not require that the penalty be lifted (see Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1253 [2009]; Matter of Retz v Surpass Chem. Co., Inc., 39 AD3d at 1038-1039).
Mercure, J.E, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.