In the Matter of the Claim of HOWARD DANIN, Respondent, v STOP & SHOP et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [981 NYS2d 864]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed July 13, 2012, which, among other things, denied a request by the employer and its workers' compensation carrier to reopen claimant's workers' compensation claim.

Claimant, a meat packer, sustained a work-related injury to his back in July 2004 while pushing a jack containing 800 pounds of meat across the floor. In February 2008, the parties stipulated to a finding that claimant suffered a permanent partial disability and a Workers' Compensation Law Judge directed payment at the rate of $400 per week with no further action planned. Subsequently, as relevant here, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) sent a letter to claimant's counsel in August 2011 requesting documentation of claimant's search for work within his medical restrictions. Receiving no response from claimant, the carrier filed a request for further action with the Workers' Compensation Board in September 2011, seeking a suspension of benefits on the basis that claimant had voluntarily removed himself from the labor market and/or was no longer attached to the labor market.

By decision filed in October 2011, the Board declined the car-

rier's request, finding that the carrier's letter and claimant's alleged failure to respond, standing alone, were insufficient to warrant a reopening of the claim. The Board noted that its finding was a departure from prior decisions, explaining that those decisions had not accounted for the heavy burden placed upon carriers seeking the suspension of benefits in previously closed permanent partial disability cases pursuant to 12 NYCRR 300.23 (c) (1). However, the Board further opined that the failure of a claimant to respond to another type of communication—i.e., an offer by the employer of light duty work or for retraining or job search assistance—would raise an issue of fact about whether something other than the claimant's disability was the reason for the continued loss of wages.

Subsequently, the carrier sent another letter to claimant's counsel, again requesting documentation of claimant's search for work within his medical restrictions and further "recommend[ing that claimant] seek out and attend job search assistance and/or rehabilitation." In the absence of a response, the carrier again filed a request for further action. The Board denied the request to reopen the claim, finding that the carrier had failed to raise a question of fact as to whether claimant's reduction in earning capacity was due to causes other than his disability. The carrier now appeals.

We affirm. The determination whether to reopen a workers' compensation claim rests within the sound discretion of the Board and judicial review is limited to whether there was an abuse of that discretion (*see Matter of Burris v Olcott*, 95 AD3d 1522, 1523 [2012]; *Matter of Pucci v DCH Auto Group*, 90 AD3d 1255, 1255-1256 [2011]). Pursuant to 12 NYCRR 300.23 (c) (1), where an award for compensation has been made as the result of the finding of a permanent partial disability, payments shall not be suspended or modified until an application is made, accompanied by supporting evidence, to reconsider the degree of impairment or wage-earning capacity. Here, the Board denied the carrier's request to reopen the claim based upon its stated policy that the mere failure of a claimant to respond to a request for job search information is not sufficient to raise a question of fact regarding that claimant's wage-earning capacity. Moreover, contrary to the carrier's contention, its letter to claimant with a "recommendation" that he seek out and attend job search assistance and/or rehabilitation services did not amount to an "offer" of such services, the rejection of which the Board would have deemed sufficient to support a reopening. As such, the record provides a rational basis for the Board's decision to deny the carrier's request to reopen and, thus, we decline to disturb

it (*see Matter of Burris v Olcott*, 95 AD3d at 1523; *Matter of Harris v Phoenix Cent. School Dist.*, 28 AD3d 1051, 1052 [2006]).

Finally, we disagree with the carrier that the Board impermissibly departed from its earlier decisions, inasmuch as it acknowledged such a departure in its October 20, 2011 decision and clearly set forth its reasons for doing so (*see Matter of Canfora v Goldman Sachs Group, Inc.*, 110 AD3d 1123, 1124 [2013]; *compare Matter of Williams v Lloyd Gunther El. Serv., Inc.*, 104 AD3d 1013, 1015 [2013]).* Claimant's remaining contentions have been examined and are without merit.

Lahtinen, Rose and Egan Jr., JJ., concur. Ordered that the decision is affirmed, with costs to claimant.

---

* Although it does not appear that the carrier appealed from the Board's October 20, 2011 decision, the July 13, 2012 decision at issue on this appeal was also based on the Board's departure from past decisions.