*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 7, 2014        517898
_____

In the Matter of the Claim of
   NEY F. LIMA,
                Appellant,

     v

NEWPORT PAINTING & DECORATING        MEMORANDUM AND ORDER
   et al.,
                Respondents.

WORKERS' COMPENSATION BOARD,
                Respondent.
_____

Calendar Date: May 28, 2014

Before: Peters, P.J., Lahtinen, Garry, Rose and Devine, JJ.

_____

     Law Offices of Joseph Romano, New York City (Anthony Brooks-Morgese of counsel), for appellant.

     William O'Brien, State Insurance Fund, White Plains (Rudolph Rosa Di Sant of counsel), for Newport Painting & Decorating and another, respondents.

_____

Lahtinen, J.

     Appeal from a decision of the Workers' Compensation Board, filed February 25, 2013, which, among other things, ruled that claimant did not sustain a work-related injury.

     Claimant, alleging that he fell from scaffolding while painting and suffered injuries to his neck, left shoulder and lower back, filed a claim for workers' compensation benefits. The employer controverted the claim and, following a hearing at

which a coworker testified that she was working with claimant at the time of the alleged accident and that he did not fall, a Workers' Compensation Law Judge found the employer's witness to be more credible than claimant and disallowed the claim. Thereafter, the Board affirmed the Workers' Compensation Law Judge's decision and denied claimant's request to reopen the hearing to receive the testimony of an additional employee. Claimant now appeals.

We affirm.  According appropriate deference to the Board's credibility determination, the record contains substantial evidence to support its decision that claimant did not sustain a workplace accident (see Matter of Rolleri v Mastic Beach Ambulance Co., Inc., 106 AD3d 1292, 1293 [2013], lv denied 21 NY3d 865 [2013]; Matter of Cicciarelli v Westchester Health Care Corp., 86 AD3d 733, 734 [2011]).

We also conclude that the Board did not abuse its discretion in denying claimant's request to reopen his claim (see Matter of Danin v Stop & Shop, 115 AD3d 1077, 1078 [2014]; Matter of Burris v Olcott, 95 AD3d 1522, 1523 [2012]).

Peters, P.J., Garry, Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court