■ In the Matter of the Claim of Manuel Mejia, Claimant, v The Drake Group, LLC, Appellant. Workers' Compensation Board, Respondent. [999 NYS2d 583]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed March 25, 2013, which, among other things, denied a request by the employer to rehear or reopen claimant's workers' compensation claim.

Claimant filed for workers' compensation benefits alleging that he suffered a work-related injury to his back in April 2011

when he fell down the stairs at the employer's building. The employer controverted liability, asserting that claimant was not an employee and that no work-related accident had occurred.[1] During the course of the proceedings, the employer discovered that, following the alleged accident, claimant received treatment under an alias for the injuries he sustained. Accordingly, the employer requested that claimant produce all medical records under that alias, or any other, pertaining to his treatment for the alleged workplace injury. Despite the employer's repeated arguments concerning the relevancy of such medical records, a Workers' Compensation Law Judge (hereinafter WCLJ) denied the request, established the claim for a work-related back injury and awarded benefits. The employer thereafter applied for a reopening and/or a rehearing of the claim pursuant to 12 NYCRR 300.14, seeking discovery of the additional medical records under claimant's purported alias. The Workers' Compensation Board denied the application, concluding that any additional medical records sought would not be probative of the relevant issues. This appeal by the employer ensued.

We reverse. Our review of the Board's decision to reopen a claimant's case is limited to whether there was an abuse of discretion (see Matter of Visic v O'Nero & Sons Constr. Co., 115 AD3d 1082, 1082 [2014]; Matter of Burris v Olcott, 95 AD3d 1522, 1523 [2012]; Matter of Pucci v DCH Auto Group, 90 AD3d 1255, 1255-1256 [2011]), and we find that such discretion was abused here.[2] While claimant conceded that he was treated for the alleged work-related injuries under a different name and date of birth, he did not produce those medical records until the third scheduled hearing appearance, and the WCLJ repeatedly and steadfastly denied the employer's requests for medical authorizations to obtain them.[3] Notably, the other medical records that claimant did produce contain conflicting evidence as

---

1. The employer asserted that Nicholas Texada, an individual who had been hired by the employer to perform work on the subject building, had employed claimant.

2. We recognize that the employer's decision to not seek Board review precludes it from arguing that the WCLJ erred as a matter of law or fact in its determination; however, the employer here does not argue that the decision of the WCLJ was not supported by substantial evidence. Rather, the employer asserts that it was denied its right to fully develop the record and cross-examine claimant regarding his initial treatment for the alleged workplace injury and, for this reason, the matter should be reopened or reheard in the interest of justice.

3. Despite the dissent's claim that the medical records at issue were available to counsel, the record reveals that when claimant finally produced records from his initial hospital treatment following the alleged workplace injury, he provided only two pages of a multipage record. Significantly, claimant

to the cause of claimant's alleged injuries; a nurse documented that claimant had been in a car accident, while an examining physician noted a slip and fall at work. As such, the requested records were clearly relevant to the issue of causation and, without those records, the employer did not have the opportunity to fully litigate this issue. Under these circumstances, we are of the view that it was an abuse of discretion to deny the employer's request to reopen the case for further development of the record (*see Matter of Emanatian v Saratoga Springs Cent. School Dist.*, 8 AD3d 773, 774 [2004]; *Matter of Burroughs v Empire State Agric. Compensation Trust*, 2 AD3d 1120, 1121 [2003]; *Matter of Gallagher v Houlihan Lawrence Real Estate*, 259 AD2d 853, 854 [1999]; *Matter of Angelo v New York State Assn. of Learning Disabled*, 221 AD2d 832, 833 [1995]; *Matter of McLaskey v City of New York*, 277 App Div 1068, 1069 [1950]).

Lahtinen, Rose and Lynch, JJ., concur.

Garry, J. (dissenting). I respectfully dissent. The uninsured employer alleged that there was no employment relationship with claimant, but refused to offer evidentiary proof to support this allegation and, thereafter, failed to exercise the right to seek review by the Workers' Compensation Board pursuant to Workers' Compensation Law § 23. As a result, this Court has a strictly limited power of review in this matter. Considering the circumstances, I find the denial of the employer's application to rehear or reopen this claim "in the interest of justice" entirely proper and rational (12 NYCRR 300.14 [a] [3]), and I would not disturb the Board's discretionary determination (*see Matter of Taylor v Raleigh Hotel*, 35 AD3d 1053, 1054 [2006], *lv dismissed* 9 NY3d 908 [2007]).

In May 2012, claimant testified at a hearing, with the aid of a translator. He clearly identified one of the employer's owners as the man who hired him, directly supervised him, and drove him to work each day, even describing the make and model of the vehicle that the employer's owner drove. Claimant described the circumstances of his employment and his injury, and was cross-examined by counsel for both the alleged employer and the Uninsured Employers Fund. The employer witness who had been so identified then testified, and denied having ever seen claimant. In light of this sharp dispute, the Workers' Compensation Law Judge (hereinafter WCLJ) gave a firm warning to the parties regarding the penalties for fraud; he warned that lying under oath constituted a felony, and that he would therefore ultimately refer the matter for prosecution after hearing the

---

never provided the employer with an authorization that would have permitted it to obtain the full records on its own.

witness testimony and making a credibility determination. The parties then specifically discussed the further witnesses that the employer would produce at the next hearing relative to this critical factual dispute.

Nevertheless, at the next scheduled hearing date, in July 2012, the employer did not produce its witnesses, but raised the issue of the inconsistencies in claimant's medical records. The medical records at issue were available to counsel and in the Board file. Critically, and contrary to the conclusion of the majority, the record reveals that the WCLJ properly allowed counsel to develop these issues by means of claimant's further sworn testimony (*compare Matter of Emanatian v Saratoga Springs Cent. School Dist.*, 8 AD3d 773, 774 [2004]). At the conclusion of the July 2012 proceeding, the parties again scheduled and specifically discussed the need for a further hearing date for the purpose of testimony by the several witnesses on behalf of the employer, who were expected to controvert claimant's testimony as to his employment.

At the next scheduled hearing date, in September 2012, the employer's counsel expressly refused to allow its witnesses to testify when the WCLJ attempted to proceed with their testimony. The WCLJ then closed the hearing and rendered a determination upon the issue of employment in favor of claimant. In so holding, the WCLJ found claimant's detailed testimony to be more credible than the cursory statements of the employer's sole witness.

In my view, the majority has erred by overlooking two essential factors upon review; the employer first chose not to proffer credible evidence on the central factual issue in this case and, thereafter, set forth no new evidence on this dispositive issue upon the application for a rehearing (*see Matter of Taylor v Raleigh Hotel*, 35 AD3d at 1054; *Matter of Harris v Phoenix Cent. School Dist.*, 28 AD3d 1051, 1052 [2006]). These two factors alone warrant affirmance. Moreover, having been allowed a full opportunity to litigate the issue before the WCLJ, the employer failed to seek review pursuant to Workers' Compensation Law § 23, resulting in a very narrow right to seek any further relief before this Court; the employer cannot now be heard to challenge the merits of the WCLJ's decision (*see Matter of Burris v Olcott*, 95 AD3d 1522, 1523 [2012]). It must be emphasized that the issue that the employer asserts relative to the medical records *was not brought up for Board review*, and this matter is now before us on a very limited application. Upon the record presented, I cannot find that the employer's rights were not fully and duly protected. I thus find no abuse of the

Board's discretion in refusing to reopen the case (*see Matter of Harris v Phoenix Cent. School Dist.*, 28 AD3d at 1052). Accordingly, I would affirm.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's determination.