*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017            522352
_____

In the Matter of the Claim of
    DERRICK ANDREWS,
                    Respondent,

        v

COMBINED LIFE INSURANCE                    MEMORANDUM AND ORDER
    COMPANY et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  December 13, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Hamberger & Weiss, Buffalo (Susan R. Duffy of counsel), for
appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

_____

McCarthy, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed April 9, 2015, which, among other things, denied a request
by the employer and its workers' compensation carrier to reopen
claimant's workers' compensation claim.

        Claimant suffered a work-related injury to his neck in 2005
and he was awarded workers' compensation benefits.  In 2007, a
Workers' Compensation Law Judge determined that claimant suffered

from a permanent partial disability and payment was directed to claimant at $400 per week with no further action planned. In 2014, the employer's workers' compensation carrier began sending letters to claimant and his counsel, seeking documentation of claimant's search for work. The carrier received no response to the letters. In 2015, a rehabilitation counselor retained by the carrier wrote a letter to claimant and claimant's counsel, informing claimant that his file had been assigned to the counselor for case management services. Claimant's counsel declined the offer.

The employer and the carrier thereafter applied to reopen the case, arguing that claimant was no longer attached to the labor market. The Workers' Compensation Board denied the request, finding that the carrier had not raised a question of fact as to whether there was a cause for claimant's reduction in wage-earning capacity other than his disability. The Board also assessed a $500 penalty against the carrier for filing its application to reopen without reasonable grounds. The employer and the carrier now appeal.

"The determination whether to reopen a workers' compensation claim rests within the sound discretion of the Board and judicial review is limited to whether there was an abuse of that discretion" (Matter of Danin v Stop & Shop, 115 AD3d 1077, 1078 [2014] [citations omitted]; see Matter of Visic v O'Nero & Sons Constr. Co., 115 AD3d 1082, 1082 [2014]). Where, as here, workers' compensation benefits have been awarded based upon a finding of a permanent partial disability, "payments of compensation shall not be suspended or modified until an application is made, accompanied by supporting evidence, to reconsider the degree of impairment or wage-earning capacity" (Matter of Danin v Stop & Shop, 115 AD3d at 1078; see 12 NYCRR 300.23 [c] [1]). The Board rationally concluded that proof that claimant failed to respond to the carrier's request for job search information is insufficient to support a reopening of the claim (see Matter of Danin v Stop & Shop, 115 AD3d at 1078-1079). The Board further concluded that, although a rejection of offers of employment, job search assistance or rehabilitative vocational services could be sufficient to reopen the claim, the letter written by the rehabilitation counselor did not constitute such

an offer.  Rather, the Board relied on language in a professional disclosure form that accompanied the letter, informing claimant that, following a vocational rehabilitation assessment of claimant, a vocational plan "may" be developed that "may include" counseling, job training and assistance returning to work.  In light of the lack of any specific offers of employment, job training or assistance in returning to work in the rehabilitation counselor's correspondence, the Board did not abuse its discretion by concluding that claimant's rejection of the counselor's services did not warrant a reopening of the claim (see id.).

As to the penalty imposed, the Board may impose a penalty against a party who institutes or continues a proceeding in respect of a claim without reasonable ground (see Workers' Compensation Law § 114-a [3] [i]), and the Board's imposition of a penalty under this statute will not be disturbed if supported by substantial evidence (see Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 [2013]).  The Board imposed the penalty based upon its finding that the counselor's letter did not constitute an offer of employment or vocational services and, therefore, the carrier had "filed a request to reopen without the proper supporting documentation."  While the Board's determination — that the rejection of the counselor's services by claimant did not warrant a reopening of the claim — was not an abuse of discretion, we cannot say that substantial evidence supports the Board's conclusion that, by relying on proof that the Board ultimately rejected, the carrier initiated the request to reopen the claim without reasonable grounds (see Matter of Logan v Westchester Med. Ctr., 117 AD3d 1311, 1312 [2014]).  The employer and carrier's remaining claims have been considered and found to be without merit.

Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decision is modified, without costs, by reversing so much thereof as assessed a penalty of $500 against the employer's workers' compensation carrier pursuant to Workers' Compensation Law § 114-a (3) (i), and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court