Matter of Curcio v Sherwood 370 Mgt., LLC (2019 NY Slip Op 06834)





Matter of Curcio v Sherwood 370 Mgt., LLC


2019 NY Slip Op 06834


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

527830

[*1]In the Matter of the Claim of James Curcio, Appellant,
v
Sherwood 370 Management, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 9, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Law Offices of Joseph A. Romano, PC, New York City (Joseph A. Romano of counsel), for appellant.
William O'Brien, State Insurance Fund, Endicott (Scott B. Anglehart of counsel), for Sherwood 370 Management, LLC and another, respondents.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed February 9, 2018, which, among other things, ruled that the employer's workers' compensation carrier made a timely payment of workers' compensation benefits.
In 2013, claimant suffered a work-related injury and established a claim for workers' compensation benefits. In March 2017, the parties reached a waiver of compensation agreement pursuant to Workers' Compensation Law § 32 to cover this claim, as well as other open claims. On May 12, 2017, the Workers' Compensation Board found that the agreement is deemed to have been submitted on May 18, 2017. The Board also directed that if neither party withdrew from the agreement by May 28, 2017, the Board's approval of the agreement would "become final and conclusive on all parties on May 29, 2017," and that the payment pursuant to the agreement had to be made within 10 days of that date. Neither party withdrew, and the employer's workers' compensation carrier paid claimant pursuant to the waiver agreement on June 9, 2017.
Claimant thereafter requested that a penalty be imposed against the carrier for late payment pursuant to Workers' Compensation Law § 25 (3) (f). The Board initially imposed the penalty and the carrier objected, arguing that because May 29, 2017 was the Memorial Day holiday, the agreement became final on May 30, 2017, making the June 9, 2017 payment timely. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the payment was timely. Claimant sought administrative review of the WCLJ's decision by the Board. Claimant acknowledged in his request that, due to the holiday, the agreement became final on May 30, 2017, but maintained that the 10-day time limit from that date lapsed on June 8, 2017, making the payment untimely. The Board rejected this argument and affirmed the WCLJ's decision, finding that the 10-day time limit lapsed on June 9, 2017 and that the carrier's payment made on that day was timely. The Board also assessed a $500 penalty against claimant's attorney for seeking administrative review without reasonable grounds. Claimant appeals.
We affirm. Pursuant to Workers' Compensation Law § 25 (3) (f), "[i]f the employer or its insurance carrier shall fail to make payments of compensation according to the terms of the award within [10] days . . . there shall be imposed a penalty equal to [20%] of the unpaid compensation." Notably, "[a] number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made" (General Construction Law § 20). Here, claimant acknowledged before the Board in his request for administrative review that, due to the holiday, the waiver agreement became final on May 30, 2017. Accordingly, the carrier had 10 days, or until June 9, 2017, to make the payment (see General Construction Law § 20). Insofar as it is undisputed that the carrier paid claimant on June 9, 2017, the Board properly found that the payment was timely.
As to the penalty imposed on claimant's attorney, "Workers' Compensation Law § 114-a (3) (ii) permits the Board to assess reasonable counsel fees against an attorney who has instituted or continued proceedings without reasonable grounds" (Matter of Clark v New York City Dept. of Human Resources Admin., 117 AD3d 1360, 1361 [2014] [internal quotation marks omitted]; see Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]), and the imposition of a penalty by the Board under this statute will not be disturbed if supported by substantial evidence (see Matter of Andrews v Combined Life Ins., 146 AD3d 1203, 1204 [2017]; Matter of Cedeno v PACOA, 120 AD3d 1458, 1459 [2014]). Substantial evidence supports the Board's decision that, by requesting administrative review of the WCLJ's decision based solely on a miscalculation of the 10-day period running from May 30, 2017, claimant's attorney continued this proceeding without reasonable cause (see Matter of Clark v New York City Dept. of Human Resources Admin., 117 AD3d at 1363; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d at 1198).
Lynch, J.P., Clark and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.