Matter of Balbuena v Rocco & Son Ironwork Inc. (2023 NY Slip Op 04692)

Matter of Balbuena v Rocco & Son Ironwork Inc.

2023 NY Slip Op 04692

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

535808
[*1]In the Matter of the Claim of Romero Balbuena, Claimant,
v
Rocco & Son Ironwork Inc. et al., Respondents. The Law Offices of Melissa A. Day, PLLC, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:September 12, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

The Law Offices of Melissa A. Day, PLLC, Amherst (Melissa A. Day of counsel), for appellant.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed January 27, 2022, which, among other things, assessed a monetary penalty against counsel for the State Insurance Fund pursuant to Workers' Compensation Law § 114-a (3) (ii).
On August 12, 2021, the State Insurance Fund (hereinafter SIF) filed an application seeking review by the Workers' Compensation Board of a July 16, 2021 decision of a Workers' Compensation Law Judge (hereinafter WCLJ). In rebuttal, claimant contended, among other things, that Board review be denied because SIF did not properly serve him a copy of the application. In an October 2021 decision, the Board denied SIF's application for failure to serve a necessary party pursuant to 12 NYCRR 300.13 (b) (4) (iv). SIF's subsequent request for reconsideration and full Board review was denied and the Board also assessed a $500 penalty against SIF and a $1,000 penalty against SIF's counsel for continuing a proceeding without reasonable grounds (see Workers' Compensation Law § 114-a [3] [i], [ii]). SIF's counsel appeals, challenging the assessment of the penalty against counsel.
"Workers' Compensation Law § 114-a (3) (ii) permits the Board to assess reasonable counsel fees against an attorney who has instituted or continued proceedings without reasonable grounds" (Matter of Clark v New York City Dept. of Human Resources Admin., 117 AD3d 1360, 1361 [3d Dept 2014] [internal quotation marks omitted]; see Matter of Curcio v Sherwood 370 Mgt., LLC, 175 AD3d 1743, 1745 [3d Dept 2019]). "We will not disturb the Board's imposition of a penalty for a violation of that statute so long as the determination is supported by substantial evidence" (Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 [3d Dept 2013] [citations omitted]). The record reflects that, up to and including the time of the July 2021 WCLJ decision, the Board's case file listed an address in the Bronx as claimant's address. In the RB-89 form filed August 12, 2021 seeking review of the WCLJ's decision, SIF listed an address in Brooklyn as claimant's address, resulting in the denial of the application for improper service of claimant pursuant to 12 NYCRR 300.13 (b) (4) (iv). In seeking reconsideration and full Board review of that denial, SIF argued that it used the Brooklyn address because it was the address for claimant in the Board's file on the date of the application for review and, as the record reflects, it was the address for claimant referenced in many of his medical records. Although the Board was free to reject this argument, substantial evidence does not support its finding that SIF's counsel "has not offered any reasonable basis" for attempting to serve claimant at the Brooklyn address so as to warrant the assessment of penalties against SIF's counsel (see Matter of Andrews v Combined Life Ins., 146 AD3d 1203, 1204 [3d Dept 2017]; Matter of Logan v Westchester Med. Ctr., 117 AD3d 1311, 1312 [3d Dept 2014]; see generally Matter of Kelly [*2]v New York State Workers' Compensation Bd., 166 AD3d 1454, 1456 [3d Dept 2018]).
Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as assessed a penalty against the State Insurance Fund's counsel, and, as so modified, affirmed.